**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 12-4017**

---

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

ONDINA ALONSO-HERNANDEZ,

            Defendant - Appellant.

---

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, District Judge.  (1:10-cr-00432-CCE-1)

---

Submitted:  August 13, 2012          Decided:  August 16, 2012

---

Before WILKINSON and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Stacey D. Rubain, QUANDER & RUBAIN, Winston-Salem, North Carolina, for Appellant.  Anand P. Ramaswamy, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ondina Alonso-Hernandez appeals the district court's judgment after pleading guilty to recruiting, harboring, and transporting a person for labor and services, including aggravated sexual abuse, in violation of 18 U.S.C. § 1590 (2006). Alonso-Hernandez's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting, in counsel's opinion, there are no meritorious grounds for appeal, but raising the issue of whether Alonso-Hernandez's sentence is reasonable. Alonso-Hernandez was notified of her right to file a pro se supplemental brief but has not done so. We affirm.

We review a sentence under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires us to ensure that the district court committed no significant procedural error, such as improperly calculating the Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2006) factors, or failing to adequately explain the sentence. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). If the sentence is procedurally reasonable, we then consider the substantive reasonableness of the sentence imposed, taking into account the totality of the circumstances. Gall, 552 U.S. at 51. We presume that a sentence within or below a properly calculated

2

Guidelines range is substantively reasonable. United States v. Susi, 674 F.3d 278, 289 (4th Cir. 2012).

In sentencing, the district court should first calculate the Guidelines range and give the parties an opportunity to argue for whatever sentence they deem appropriate. United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). The district court should then consider relevant § 3553(a) factors to determine whether they support the sentence requested by either party. Id. When rendering a sentence, the district court must make and place on the record an individualized assessment based on the particular facts of the case. Carter, 564 F.3d at 328, 330. In explaining the chosen sentence, the "sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." Rita v. United States, 551 U.S. 338, 356 (2007). While a district court must consider the statutory factors and explain its sentence, it need not explicitly reference § 3553(a) or discuss every factor on the record. United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006).

We have reviewed the record and conclude that Alonso-Hernandez's sentence is both procedurally and substantively reasonable. The district court properly calculated her Guidelines range, reasonably determined that a sentence below

3

that range was appropriate in this case, and adequately explained its sentencing decision.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform his or her client, in writing, of his or her right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4